

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NEWPORT FISHERMEN'S WIVES,
INC., ET AL.,            Case No. 6:25-cv-02165-AA

    Plaintiff,            (Lead Case)

v.            Case No. 6:25-cv-02172-AA UNITED

STATES COAST GUARD, ET AL.,     (Trailing Case)

    Defendants.

_____

VIDEOTAPED DEPOSITION OF

CAPTAIN KENT REINHOLD

TAKEN ON

WEDNESDAY, DECEMBER 3, 2025

9:34 A.M.

UNITED STATES COAST GUARD BASE ALAMEDA

42 EAGLE ROAD, BUILDING 54A

ALAMEDA, CALIFORNIA 94501



EXHIBIT B

|    |                                                      |
|----|------------------------------------------------------|
| 1  | APPEARANCES                                          |
| 2  |                                                      |
| 3  | Appearing on behalf of the Plaintiff, State of       |
| 4  | Oregon:                                              |
| 5  | BRIAN S. MARSHALL, ESQUIRE                           |
| 6  | Oregon Department of Justice (Trial Division)        |
| 7  | 100 W Market St.                                     |
| 8  | Portland, Oregon 97201                               |
| 9  | (971) 673-1880                                       |
| 10 | Brian.S.Marshall@doj.state.or.us                     |
| 11 |                                                      |
| 12 | -and-                                                |
| 13 |                                                      |
| 14 | DEREK OLSON, ESQUIRE (via Zoom)                      |
| 15 | Oregon Department of Justice                         |
| 16 | 2250 McGilchrist Street SE, Suite 200                |
| 17 | Salem, Oregon 97302                                  |
| 18 | (503) 508-6323                                       |
| 19 | Derek.Olson@doj.oregon.gov                           |
| 20 |                                                      |
| 21 |                                                      |
| 22 |                                                      |
| 23 |                                                      |
| 24 |                                                      |
| 25 |                                                      |

| | |
|---|---|
| 1 | APPEARANCES (CONTINUED) |
| 2 | |
| 3 | Appearing on behalf of the Plaintiffs, Lincoln |
| 4 | County and Newport Fishermen's Wives: |
| 5 | ERIC J. BRICKENSTEIN, ESQUIRE |
| 6 | North Current Legal |
| 7 | 1050 SW Sixth St., Ste 1414 |
| 8 | Portland, Oregon 97204 |
| 9 | (503) 867-2380 |
| 10 | eric@northcurrentlegal.com |
| 11 | |
| 12 | Appearing on behalf of the Plaintiff, Newport: |
| 13 | ELIZABETH B. KINSMAN, ESQUIRE (via Zoom) |
| 14 | Stoll Berne PC |
| 15 | 209 SW Oak St., Suite 500 |
| 16 | Portland, Oregon 97204 |
| 17 | (503) 227-1600 |
| 18 | ekinsman@stollberne.com |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

```
 1            APPEARANCES (CONTINUED)
 2
 3   Appearing on behalf of the Defendant, United States:
 4   SUSANNE LUSE, ESQUIRE
 5   United States Department of Justice
 6   United States Attorney's Office
 7   1000 SW Third Ave., Suite 600
 8   Portland, Oregon 97204
 9   (503) 727-1019
10   Susanne.luse@usdoj.gov
11
12   Appearing on behalf of the Defendant, United States
13   Coast Guard:
14   COMMANDER EMILY GIBBONS, ESQUIRE
15   United States Coast Guard
16   1 Eagle Road, Building 54-A
17   Alameda, California 94501
18   (510) 326-6444
19   emily.m.gibbons@uscg.mil
20
21   Also Present:
22   Austin Halvorsen, Naegeli Technician
23
24
25
```

```
 1                    EXAMINATION INDEX
 2                                                    PAGE
 3
 4   EXAMINATION BY MR. MARSHALL                         8
 5   EXAMINATION BY MR. BRICKENSTEIN                    75
 6   EXAMINATION BY MS. LUSE                           133
 7   FURTHER EXAMINATION BY MR. MARSHALL               140
```

EXHIBIT INDEX

| EXHIBIT | | PAGE |
|---|---|---|
| 1 | EXHIBIT | 9 |
| 2 | EXHIBIT | 34 |
| 3 | EXHIBIT | 38 |
| 4 | EXHIBIT | 52 |
| 5 | EXHIBIT | 64 |
| 6 | EXHIBIT | 64 |

1                   VIDEOTAPED DEPOSITION OF
2                    CAPTAIN KENT REINHOLD
3                          TAKEN ON
4                 WEDNESDAY, DECEMBER 3, 2025
5                          9:34 A.M.
6
7            THE VIDEOGRAPHER:  Good morning.  We're on
8   the record.  The time is 9:34 a.m.  The date is
9   December 3rd, 2025.  This is the beginning of the
10  deposition of Captain Kent Reinhold.  The case
11  caption is Newport Fishermen's Wives versus United
12  States Coast Guard.
13           Will Counsel please introduce yourselves
14  and state whom you represent?
15           MR. MARSHALL:  Assistant Attorney General
16  Brian Marshall for the State of Oregon.
17           MR. BRICKENSTEIN:  Eric Brickenstein for
18  Newport Fishermen's Wives, Inc., and Lincoln County.
19           MS. LUSE:  Susanne Luse on behalf of the
20  United States.
21           MS. GIBBONS:  Commander Emily Gibbons,
22  United States Coast Guard.
23           THE REPORTER:  And Ms. Kinsman, could you
24  introduce yourself for the record, please.
25           MS. KINSMAN:  Elizabeth Kinsman, outside

1 Counsel to the City of Newport.
2             THE VIDEOGRAPHER:  Thank you.  The court
3 reporter --
4             MR. OLSON:  Derek Olson on behalf --
5             THE VIDEOGRAPHER:  Oh, I'm sorry.
6             MR. OLSON:  Derek Olson on behalf of the
7 State of Oregon.
8             THE VIDEOGRAPHER:  Thank you.  The court
9 reporter will now swear in the witness.
10            THE REPORTER:  Captain Reinhold, please
11 raise your right hand.  Do you affirm under penalty
12 of perjury that the testimony you're about to give
13 will be the truth, the whole truth, and nothing but
14 the truth?
15            THE DEPONENT:  I do.
16            THE REPORTER:  Thank you.
17            THE VIDEOGRAPHER:  Thanks.  You may now
18 proceed.
19 CAPTAIN KENT REINHOLD, having been first duly
20 affirmed to tell the truth, was examined and
21 testified as follows:
22 EXAMINATION
23 BY MR. MARSHALL:
24      **Q.   Good morning, sir.**
25      A.   Morning.

```
 1   ago?
 2        A.   Yes.
 3        Q.   Okay.  Are you aware, again sticking with
 4   -- we'll just focus on the signing of the memorandum
 5   by Admiral Fosse in June.  Are you aware of any
 6   findings made by Secretary Noem in relation to that
 7   decision, that change in posture --
 8        A.   No.
 9        Q.   -- that occurred in June?  No?  Okay.
10   What -- well, and again, when the October 29th
11   memorandum came down requesting and ultimately being
12   granted the extension of the, we'll call it June
13   2025 status, that was the first time in 38 years
14   since the establishment of the Newport Air Facility
15   that there was not in fact 24/7/365 on-the-ground
16   presence of a helicopter at Newport Air Facility
17   during any months other than June through September;
18   is that right?
19        A.   As it relates to presence, that is
20   correct.  However, the operational posture did not
21   change out of Air Station North Bend.  They still
22   responded to any case anywhere in that vicinity.
23        Q.   You're saying out of Air Station North
24   Bend?
25        A.   Mm-hmm, yes.
```

1    Q.   But there was -- but that was the first
2  time since 1987 that there was not 24/7/365
3  helicopter presence at Air Facility Newport during
4  any months other than June and September?
5    A.   Correct.
6    Q.   Okay.  And same question, and I'll
7  consolidate it.  You're not aware as to whether any
8  member of Oregon's congressional delegation was
9  notified of that decision?
10   A.   I'm not aware.
11   Q.   And you're likewise not aware whether the
12 Coast Guard informed members of the Newport
13 community or held public meetings in relation to
14 that decision?
15   A.   I'm not aware.
16   Q.   Some confusion notwithstanding regarding
17 the flight time from North Bend to Newport being 25
18 -- we'll go with 34 minutes which is what's in the
19 --
20   A.   Sure.
21   Q.   -- interrogatory responses, sound good?
22 Does that assume ideal or at least favorable weather
23 conditions, that flight time?
24   A.   We can fly at that speed in unfavorable
25 conditions as well.  120 knots is what gets you --

1  dive into that, what is the current status of
2  sleeping quarters for crew at Air Facility Newport?
3       A.   The status never changed.  They have
4  suitable berthing facilities to sleep overnight
5  comfortably, which includes temperature and humidity
6  control, adequate water supply, lighting, noise
7  control, food storage and prep.  That's -- that's
8  been there from the outset and it continues to be
9  there.
10      Q.   Okay.  So the crew for the helicopter
11 does, at all times, during 2025 has slept at the
12 facility, or has sleeping quarters at the facility?
13      A.   Yes, they have --
14      Q.   That never changed.
15      A.   Right.  Sleeping quarters are available.
16      Q.   Okay.
17      A.   But not necessarily always used.
18      **Q.   Sure.  Are you aware of the removal of any**
19 **signage from Newport Air Facility designating its**
20 **status as a Coast Guard facility at any time between**
21 **October and November of 2025?**
22      **A.   Yes.**
23      **Q.   Can you describe that for me?**
24      **A.   I had -- had a briefing to the Coast Guard**
25 **commandant, it was mentioned that I think between**

```
 1   local officials and others higher up, I'm not sure
 2   at what level, determined to remove the signing --
 3   the signage.
 4        Q.   When you say local officials, just to be
 5   clear, you're referring to local Coast Guard
 6   officials, not --
 7        A.   Yes.
 8        Q.   Not the county or the city?
 9        A.   Exactly, local Coast Guard, yes.
10        Q.   Why -- why was that decision made?
11        A.   I don't know.  Part of it -- at least I
12   would say the context is that we weren't -- we had
13   no current rotational presence there.  So the
14   facility wasn't being used overnight like it had
15   been in the past at that particular time, but beyond
16   that, I don't -- I don't know the -- the calculus
17   behind the removal of the signage.
18             What I do know is that the commandant
19   ordered to have that signage put back up.
20        Q.   When was that done?
21        A.   I don't have a date, but it would have
22   been -- it would have been sometime in the first
23   weeks of November.
24        Q.   So prior to the entry of the temporary
25   restraining order?
```

1            MS. KINSMAN:  Not at this time, but thank
2    you.  We won't be ordering at this time.
3            THE REPORTER:  Okay.
4            THE VIDEOGRAPHER:  Okay, thank you.  This
5    is the end of the deposition of Captain Kent
6    Reinhold.  The time is 12:56 and we're off the
7    record.
8            (WHEREUPON, the deposition of CAPTAIN KENT
9    REINHOLD was concluded at 12:56 p.m.)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1        CERTIFICATE

2

3     I, the undersigned, Ryan Tulley, am a
4  videographer on behalf of NAEGELI Deposition &
5  Trial. I do hereby certify that I have accurately
6  made the video recording of the deposition of Capt.
7  Kent Reinhold, in the above captioned matter on the
8  3rd day of December, 2025, taken at the location of
9  United States Coast Guard Base Alameda, 42 Eagle
10 Rd., Bldg. 54A, Alameda, CA 94501.

11

12    No alterations, additions, or deletions were
13 made thereto.

14

15    I further certify that I am not related to any
16 of these parties in the matter and I have no
17 financial interest in the outcome of this matter.

18

19                    *[signature]*

20

21                    Ryan Tulley

22

23

24

25

1  CERTIFICATE

2

3     I, Spencer Fortin, do hereby certify that I
4  reported all proceedings adduced in the foregoing
5  matter and that the foregoing transcript pages
6  constitutes a full, true and accurate record of said
7  proceedings to the best of my ability.

8

9     I further certify that I am neither related
10 to counsel or any party to the proceedings nor have
11 any interest in the outcome of the proceedings.

12

13    IN WITNESS HEREOF, I have hereunto set my hand
14 this 4th day of December, 2025.

15

16

17

18              Spencer Fortin
19              Certificate No. 2405

20

21

22

23

24

25

```
 1                    CORRECTION SHEET
 2   Deposition of: Capt. Kent Reinhold Date: 12/03/25
 3   Regarding: Newport Fishermen vs. US Coast Guard
 4   Reporter: Fortin/Breezee
 5   _____
 6   Please make all corrections, changes or
 7   clarifications to your testimony on this sheet,
 8   showing page and line number.  If there are no
 9   changes, write "none" across the page.  Sign this
10   sheet on the line provided.
11   Page   Line   Reason for Change
12   ____   ____   _____
13   ____   ____   _____
14   ____   ____   _____
15   ____   ____   _____
16   ____   ____   _____
17   ____   ____   _____
18   ____   ____   _____
19   ____   ____   _____
20   ____   ____   _____
21   ____   ____   _____
22   ____   ____   _____
23   ____   ____   _____
24           Signature: _____
25                      Capt. Kent Reinhold
```