IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NEWPORT FISHERMEN'S WIVES, INC., an Oregon nonprofit corporation; LINCOLN COUNTY, | Civ. No. 6:25-cv-02165-AA (Leading case)<br>Civ. No. 6:25-cv-02172-AA (Trailing case) |
| Plaintiffs, | **OPINION & ORDER** |
| v. | |
| UNITED STATES COAST GUARD, an agency of the United States Department of Homeland Security; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security, | |
| Defendants, | |
| and | |
| CITY OF NEWPORT, | |
| Amicus. | |

AIKEN, District Judge.

This consolidated case was originally filed by Plaintiffs Newport Fishermen's Wives and Lincoln County on November 21, 2025, as Case No. 6:25-cv-02165-AA and

challenged a discrete issue—the effective closure of AIRFAC Newport contrary to 14 U.S.C. § 912.

The State of Oregon filed its case, Case No. 6:25-cv-02172-AA, which also challenged the effective closure of AIRFAC Newport as contrary to 14 U.S.C. § 912, on November 24, 2025. The cases were consolidated and assigned to this Court on November 25, 2025, based on overlapping nature of the claims.

On December 19, 2025, the State of Oregon filed its Amended Complaint, ECF No. 58, which substantially expanded the scope of the State of Oregon's case to include a challenge to the construction of a detention center in Newport, Oregon. NFW and Lincoln County did not file an amended complaint and their claims remain focused on the effective closure of AIRFAC Newport.

On December 22, 2025, the City of Newport filed a new case, City of Newport v. Noem et al., Case No. 6:25-cv-02396-MC, in which the City of Newport challenged the construction of a detention center in Newport, Oregon. On January 9, 2026, the City of Newport filed a motion to consolidate Case No. 6:25-cv-02396-MC with the present case based on the similarity between its claims and the detention center-related claims brought by the State of Oregon in its Amended Complaint. ECF No. 65.

Oregon Shores Conservation Coalition and Cascadia Wildlands have filed a motion seeking to intervene as plaintiffs in connection with the State of Oregon's claims concerning the construction of a detention center in Newport. ECF No. 67.

Oregon Shores Conservation Coalition and Cascadia Wildlands have also filed a motion to intervene in Case No. 6:25-cv-02396-MC.

NFW and Lincoln County object to consolidation on the grounds that they have no claims related to the construction of a detention center. ECF No. 68.

The Court held a telephonic status conference on January 28, 2026, which was attended by Defendants, the State of Oregon, NFW, Lincoln County, the City of Newport, and the proposed Intervenors. During that conference, the Court proposed that the State of Oregon's claims related to the construction of a detention center in Newport should be severed from their claims related to the closure of AIRFAC Newport as misjoined pursuant to Federal Rule of Civil Procedure 21.[1] The State of Oregon's severed claims could then be consolidated with Case No. 6:25-cv-02396-MC.

The result of this severance and consolidation would be two distinct cases—one case concerning the effective closure of AIRFAC Newport as originally alleged in the present case, and a second case concerning the construction of a detention center in Newport, Oregon, created by the consolidation of Case No. 6:25-cv-02396-MC and the State of Oregon's misjoined claims from the Amended Complaint.

At the telephonic status conference, there were no objections to this proposal from any of the parties or from the proposed Intervenors. The Court therefore ORDERS that the State of Oregon's claims related to the construction of a detention

---

[1] "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. *The court may also sever any claim against a party*." Fed. R. Civ. P. 21 (emphasis added).

center in Newport, Oregon alleged in the Amended Complaint are to be severed as misjoined pursuant to Rule 21.

The Court has opened a new case—Case No. 6:26-cv-00186-AA. The State of Oregon is to file a conforming complaint in Case No. 6:26-cv-00186-AA containing only its claims related to the construction of a detention center as they are alleged in the Amended Complaint within seven (7) days of the date of this Order. Concurrent with the filing of the conforming complaint in Case No. 6:26-cv-00186-AA, the State of Oregon is to pay the associated filing fees for commencing a new action.

The State of Oregon shall promptly serve its conforming complaint in Case No. 6:26-cv-00186-AA on Defendants. However, the deadlines for service and for the filing of Defendants' answer or motion to dismiss in Case No. 6:26-cv-00186-AA shall relate back to the deadlines established in Case No. 6:25-cv-02165-AA and the Court will treat the filing of the Amended Complaint, ECF No. 58, as commencing Case No. 6:26-cv-00186-AA.

Oregon Shores Conservation Coalition and Cascadia Wildlands may refile their motion to intervene in Case No. 6:26-cv-00186-AA within seven (7) days of the filing of the State of Oregon's conforming complaint. Upon the filing of the motion to intervene in Case No. 6:26-cv-00186-AA, the Court will moot the motion to intervene filed in the present case.

The City of Newport may refile its motion to consolidate in Case No. 6:26-cv-00186-AA within seven (7) days of the filing of the State of Oregon's conforming complaint. Upon the filing of the motion to consolidate in Case No. 6:26-cv-00186-

AA, the Court will moot the motion to consolidate in the present case. If consolidation is found to be warranted in Case No. 6:26-cv-00186-AA, that case shall be deemed to be the earlier filed action by virtue of its relation back to the filing of the Amended Complaint in the present case.

The State of Oregon is to file a conforming Second Amended Complaint in the present case omitting the misjoined claims related to the construction of a detention center in Newport within seven (7) days of the date of this Order. The State of Oregon is ordered to promptly serve the conforming Second Amended Complaint in this case on Defendants. However, the dates and deadlines associated with the conforming Second Amended Complaint shall relate back to the filing of the Amended Complaint.

Finally, the Court addresses the Motion for Extension of Time filed by Defendants, ECF No. 70. Defendants acknowledged at the hearing that they have already missed the deadline to answer or otherwise respond to the Complaint and Amended Complaint in this case. As set forth on the record, the Court will GRANT the requested extension of time. Defendants shall have ten (10) days from the filing of the State's conforming Second Amended Complaint in which to file its answer or otherwise respond to the original Complaint, ECF No. 1, and to State's conforming Second Amended Complaint in the present case.

In Case No. 6:26-cv-00186-AA, Defendants shall have fourteen (14) days from the filing of the State of Oregon's conforming complaint in which to answer or otherwise respond to the State of Oregon's conforming complaint in Case No. 6:26-cv-00186-AA.

For the sake of clarity, this Order shall be filed in the present consolidated case and, after the filing of the State's conforming complaint, it shall also be filed in Case No. 6:26-cv-00186-AA.

It is so ORDERED and DATED this ___29th___ day of January 2026.

                                       /s/Ann Aiken
                                       ANN AIKEN
                                       United States District Judge