DAN RAYFIELD
Attorney General
BRIAN SIMMONDS MARSHALL #196129
NINA ENGLANDER #106119
Senior Assistant Attorneys General
DEREK OLSON #225504
Assistant Attorney General
Trial Attorneys
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: Brian.S.Marshall@doj.oregon.gov
       Nina.Englander@doj.oregon.gov
       Derek.Olson@doj.oregon.gov

Attorneys for Plaintiff, State of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NEWPORT FISHERMEN'S WIVES, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES COAST GUARD, an agency of the United States Department of Homeland Security; KRISTI NOEM, in her official capacity as Secretary of Homeland Security, <br><br> Defendants. | Case No. 6:25-cv-02165-AA (lead case) |

Page 1 -   SECOND AMENDED COMPLAINT
    BM2/jt3

| | |
|---|---|
| STATE OF OREGON, | Case No. 6:25-cv-02172-AA (trailing case) |
|           Plaintiffs, | SECOND AMENDED COMPLAINT |
|       v. | |
| KRISTI NOEM, in her official capacity as Secretary of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES COAST GUARD, an agency of the United States Department of Homeland Security; ADMIRAL KEVIN LUNDAY, in his official capacity as Acting Commander of the United States Coast Guard, | |
|           Defendants. | |

## I.    INTRODUCTION

1. This is an action for declaratory and injunctive relief under the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*, to halt the unlawful relocation of the U.S. Coast Guard rescue helicopter that had been forward deployed to the Coast Guard Air Facility in Newport (AIRFAC Newport). In addition, the State seeks a declaration that the unlawful relocation of the forward deployed helicopter from Newport is *ultra vires* and void.

2. "Oregon borders the Pacific Ocean, which is both beautiful and treacherous." H.J.M. 20, 2015 Leg. (Oregon) (urging Congress to fund and maintain the U.S. Coast Guard Air Facility in Newport, Oregon, in perpetuity).

3. Commercial and recreational activities off the central Oregon coast can be perilous: Offshore fishing "is an implicitly dangerous activity," "vessels occasionally sink or capsize," and "millions of tourists visit the Oregon coast annually," where "a number of them find themselves in distress on beaches or ocean cliffs." *Id.* And because Oregon's cold, coastal waters can endanger an overboard mariner's life in fewer than 30 minutes, *id.*, timely rescue is the difference between life and death.

Page 2 -    SECOND AMENDED COMPLAINT
BM2/jt3

Department of Justice
100 SW Market Street
Portland, OR 97201
(9716731880 / Fax: (9716735000

4. For all those reasons, the U.S. Coast Guard rescue helicopter that had been forward deployed to AIRFAC Newport for nearly four decades had been a literal lifeline to Oregon's central coast communities.

5. Defendants have taken that lifeline. Without notice to the Newport community, Oregon's leaders, or Congress, Defendants ceased forward deployment of the rescue helicopter. Thus, the nearest Coast Guard rescue helicopter was located nearly 100 miles south in North Bend, a distance that can add nearly an hour travel time to any rescue off the Newport coast. That reduction in personnel and use at AIRFAC Newport comes at a serious cost. Unless the rescue helicopter is returned to Newport, "hundreds of thousands of lives could be at risk annually under [Oregon's] unique ocean conditions and current level of recreational, commercial fishing and mariner activities."[1]

6. Defendants' actions are unlawful. Those actions constitute a closure, cessation of operations, or significant reduction in the personnel and use of AIRFAC Newport in violation of 14 U.S.C. § 912. Also, Defendants have failed to provide a consistency determination that the reassignment of the forward deployed rescue helicopter is consistent to the maximum extent practicable with federally approved enforceable policies of Oregon's coastal management program, as required by the Coastal Zone Management Act (CZMA). Defendants' actions are thus *ultra vires*, contrary to law, arbitrary, and capricious. For those reasons, this Court should declare the rescue helicopter's reassignment unlawful and enjoin its reassignment until Defendants have satisfied the requirements of 14 U.S.C. § 912 and made the consistency determination required by the CZMA.

## II.    JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 2201(a), and pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701–706.

---

[1] Letter from Oregon Ocean Policy Advisory Council (OPAC) Chair Scott McMullen and Vice-Chair David Allen to Oregon Governor Kate Brown (Apr. 27, 2017) (regarding Proposed Fiscal Year 2018 President's Budget).

Page 3 -   SECOND AMENDED COMPLAINT
BM2/jt3

Department of Justice
100 SW Market Street
Portland, OR 97201
(9716731880 / Fax: (9716735000

8. Venue is proper in the Eugene Division of the District of Oregon pursuant to 28 U.S.C. §§ 1391(b)(2), (e)(1), and LR 3-2(a)(3). Defendants are agencies of the United States and officers sued in their respective official capacities. The State of Oregon is a resident of this district, and a substantial part of the events or omissions giving rise to this complaint occurred and continue to occur within the Eugene Division of this district.

### III. PARTIES

**A. Plaintiff**

9. The State of Oregon is a sovereign state of the United States of America. Oregon is represented by Attorney General Dan Rayfield. The Attorney General is the chief legal officer of Oregon and is authorized to institute this action.

**B. Defendants**

10. Kristi Noem is the Secretary of Homeland Security and the head of the U.S. Department of Homeland Security. She is sued in her official capacity.

11. The U.S. Department of Homeland Security (DHS) is a department of the Executive Branch of the United States government. DHS is a federal agency within the meaning of the APA, 5 U.S.C. § 551(1).

12. Admiral Kevin Lunday is the acting Commandant and head of the U.S. Coast Guard. He is sued in his official capacity.

13. The U.S. Coast Guard is a maritime law enforcement agency. During peacetime, U.S. Coast Guard is an agency of DHS. 14 U.S.C. § 103(a), (b). U.S. Coast Guard is a federal agency within the meaning of the APA, 5 U.S.C. § 551(1).

### IV. BACKGROUND

**A. Reassignment of Forward Deployed AIRFAC Newport Helicopter**

    **i. 14 U.S.C. § 912 Limits Circumstances when Defendants can close, cease operations, or significantly reduce use of Coast Guard Air Facilities**

14. The DHS Secretary may not close nor terminate operations at a Coast Guard air facility until they have satisfied the four steps contemplated by 14 U.S.C. § 912.

Page 4 -   SECOND AMENDED COMPLAINT
BM2/jt3

Department of Justice
100 SW Market Street
Portland, OR 97201
(9716731880 / Fax: (9716735000

15. First, before proposing a closure or termination of operations, the Secretary must determine that: (1) remaining search and rescue capabilities maintain the safety of the maritime public in the area of the air facility; (2) regional or local prevailing weather and marine conditions, including water temperatures or unusual tide and current conditions, do not require continued operation of the air facility; and (3) Coast Guard search and rescue standards related to search and response times are met. 14 U.S.C. § 912(a).

16. Second, before closing the Coast Guard air facility, the Secretary must provide opportunities for public comment, including the convening of public meetings in the affected communities regarding the proposed closure or cessation of operations at the air facility. 14 U.S.C. § 912(a)(3). Before convening such public meetings, the Secretary must notify each congressional office representing any portion of the area of responsibility of the air station that is the subject of the public meeting of the time and location of that meeting. *Id.*

17. Third, before the closure, cessation of operations, or any significant reduction in personnel and use of a Coast Guard air facility, the Secretary must submit to Congress a proposal for such closure, cessation, or reduction in operations and provide written notice of such proposal to certain Congressional representatives and legislative committees. 14 U.S.C. § 912(a)(4).

18. And fourth, the Secretary may not close, cease operations, or significantly reduce personnel and use of a Coast Guard air facility until a period of 18 months beginning on the date on which the proposal for such closure, cessation, or reduction in operations has been submitted to Congress for its review. 14 U.S.C. § 912(a)(5).

ii. **Defendants have ceased operations or significantly reduced personnel and use of AIRFAC Newport.**

19. Defendant Coast Guard has "forward deployed" a rescue helicopter from Air Station (AIRSTA) North Bend to AIRFAC Newport since 1987, "following the tragic sinking of

Page 5 -    SECOND AMENDED COMPLAINT
BM2/jt3

Department of Justice
100 SW Market Street
Portland, OR 97201
(9716731880 / Fax: (9716735000

a fishing vessel that left three dead."[2] "Forward deployed" means that a helicopter and its crew stationed at AIRSTA North Bend was physically located at AIRFAC Newport and thus available to launch missions from AIRFAC Newport. Coast Guard helicopter crews have four people: a pilot, copilot, helicopter mechanic, and rescue swimmer.

20. Congress approved the outpost "amid concerns that a Coast Guard base in North Bend, roughly 100 miles south, was too far away to promptly respond to emergencies in an area with a large commercial fishing fleet."[3]

21. Since then, the fishermen of Newport have relied on the rescue helicopter, "to help get them safely through the season." Crucially, "Strong currents and dangerously cold water temperatures mean that rescuers have only minutes to reach people who have been thrown overboard or whose ship has capsized before hypothermia sets in."[4]

22. According to reports from the Surfrider Foundation, between 2007 and 2013, 159 lives were saved by the U.S. Coast Guard in the waters off Newport. H.J.M. 20.

23. Still, in 2013, the Coast Guard announced that it "would shutter the facility and operate instead out of Astoria and North Bend." Newport Fishermen's Wives, a local nonprofit, sued to prevent the facility's closure. *Newport Fishermen's Wives, Inc. v. U.S. Coast Guard*, 2015 WL 1951751 (D. Or. Apr. 29, 2015). Ultimately, Congress "stepped in and passed

---

[2] Conrad Wilson, Michelle Wiley, and Dirk VanderHart, *Newport residents, leaders denounce possible ICE detention facility*, Oregon Public Broadcasting (OPB), (Nov 13, 2025, at 3:45pm PT) https://www.opb.org/article/2025/11/12/newport-residents-leaders-denounce-possible-ice-detention-facility/

[3] Dirk VanderHart, *Newport officials raise alarm about possible new ICE facility*, Oregon Public Radio (OPB) (Nov 10, 2025, at 7:14pm PT), https://www.opb.org/article/2025/11/10/newport-officials-raise-alarm-about-possible-new-ice-facility/

[4] Anya Petrone Slepyan and Jan Pytalski, *Coastal Community Left Reeling as USCG Helicopter Gets Relocated, DHS Moves to Build ICE Detention Facility*, The Daily Yonder (Nov 18, 2025) https://dailyyonder.com/coastal-community-left-reeling-as-uscg-helicopter-gets-relocated-dhs-moves-to-build-ice-detention-facility/2025/11/18/

Page 6 -   SECOND AMENDED COMPLAINT
BM2/jt3

Department of Justice
100 SW Market Street
Portland, OR 97201
(9716731880 / Fax: (9716735000

legislation that kept the Newport facility open."[5] That legislation was the predecessor statute of 14 U.S.C. § 912. Pub. L. No. 113–281, § 225(b); Pub. L. 114-120, § 208(a).

24.     Since then, "there have been many rescues made and lives saved because that helicopter was ready to respond when needed."[6]

25.     For years, Defendant Coast Guard maintained a rescue helicopter at AIRFAC Newport. In 2014, Defendant Coast Guard forward deployed a rescue helicopter to AIRFAC Newport 365 days a year, providing nearly 24-hour coverage.

26.     On April 24, 2021, Defendant Coast Guard began to forward deploy a rescue helicopter to AIRFAC Newport on weekends only, reducing its use of AIRFAC Newport from seven days a week to two. It appears that the Coast Guard resumed forward deploying a rescue helicopter seven days a week beginning on September 9, 2021.

27.     In 2022, AIRFAC Newport operated only on weekends from June through the end of September. Outside those dates, it appears that the Coast Guard forward deployed a rescue helicopter to AIRFAC Newport seven days a week during 2022.

28.     During 2023 and 2024, Defendant Coast Guard forward deployed a rescue helicopter to AIRFAC Newport on weekends and holidays from May through September. Outside those dates, it appears that the Coast Guard forward deployed a rescue helicopter to AIRFAC Newport seven days a week in 2023-24.

29.     In 2025, Defendant Coast Guard initially forward deployed a rescue helicopter to AIRFAC Newport seven days a week.

30.     But on May 5, Defendant Coast Guard received authorization to suspend forward deployment of a rescue helicopter from North Bend to Newport until September 30, 2025. North

---

[5] Wilson, *supra* note 1.

[6] Del Norte Triplicate, *Coast Guard Air Facility in Newport still saving lives* (Aug 4, 2025) https://www.triplicate.com/salute_to_the_united_states_coast_guard/coast-guard-air-facility-in-newport-still-saving-lives/article_f32725ec-ed19-5a02-9302-20d77f61b354.html

Page 7 -     SECOND AMENDED COMPLAINT
BM2/jt3

Department of Justice
100 SW Market Street
Portland, OR 97201
(9716731880 / Fax: (9716735000

Bend is roughly 100 miles south of Newport, a distance that adds "30 to 60 minutes of response delay."[7]

31. An October 29 Coast Guard memorandum requested an extension of that authorization, which was granted, extending the suspension of rescue helicopter operations from AIRFAC Newport indefinitely. Thus, starting on May 5, 2025, and continuing until this Court entered its temporary restraining order on November 24, 2025, the Coast Guard reduced the number of days that it forward deployed a rescue helicopter to AIRFAC Newport from seven days a week to zero. That reduction in forward deployment also reduced the number of regularly scheduled personnel at AIRFAC Newport from five to one.

32. Ceasing forward deployment of a rescue helicopter constitutes closure, cessation of operations, or a significant reduction in the personnel and use of AIRFAC Newport.

33. Before ceasing forward deployment of the rescue helicopter, Secretary Noem did not provide opportunities for public comment, nor convene public meetings in Newport regarding a proposed closure or cessation of operations at AIRFAC Newport.

34. Before ceasing forward deployment of the rescue helicopter, Secretary Noem did not notify Congresswoman Val Hoyle, who represents Newport in the U.S. House of Representatives, nor Ron Wyden nor Jeff Merkley, Oregon's U.S. Senators, regarding any opportunity for a public meeting to discuss closure or cessation of operations at AIRFAC Newport.

35. Before ceasing forward deployment of the rescue helicopter, Secretary Noem did not submit a proposal for closure, cessation, or reduction in operations of AIRFAC Newport to any congressional committee or member of congress.

36. Before ceasing forward deployment of the rescue helicopter, Secretary Noem did not provide any written notice to any Oregon congressional representative of the helicopter's impending removal.

---

[7] Decl. of Dr. Leann Cyr, PhD ("Cyr Decl.") ¶ 7 (Case No. 6:25-cv-02165, ECF 10).

Page 8 -   SECOND AMENDED COMPLAINT
BM2/jt3

Department of Justice
100 SW Market Street
Portland, OR 97201
(9716731880 / Fax: (9716735000

### iii.  Defendants' relocation of the rescue helicopter violates the Coastal Zone Management Act (CZMA)

37.  Ending forward deployment of the rescue helicopter to AIRFAC Newport will have a reasonably foreseeable effect on coastal uses, including navigation, fishing, and recreation, resulting from the loss of this local search and rescue resource.

38.  The Coast Zone Management Act (CZMA) of 1972 provides that federal agency actions that affect any use or resource of the state's coastal zone, must be consistent to the maximum extent practicable with the federally approved enforceable policies of a state's coastal management program. 16 U.S.C. § 1456(c).

39.  A "federal agency activity" is "any function performed by or on behalf of a Federal agency in the exercise of its statutory responsibilities." 15 C.F.R. § 930.31.

40.  The U.S. Secretary of Commerce approved the Oregon Coastal Management Program on July 7, 1977. Or. Rev. Stat. § 196.425(1).

41.  A federal agency carrying out an activity in a coastal zone is required to provide the state a consistency determination no later than 90 days before the final approval of the activity, unless "the Federal agency and the State agency agree to a different schedule." 16 U.S.C. § 1456(c)(1)(C); 15 C.F.R. § 930.36(b). That determination includes whether an action has reasonably foreseeable direct and indirect effects on any coastal use or resource. 15 C.F.R. § 930.33. An "effect on any coastal use or resource" means "any reasonably foreseeable effect on any coastal use" resulting from a federal action and include direct and indirect effects which result from the activity and later in time. 15 C.F.R. § 930.11(g). Coastal uses include recreation and fishing. 15 C.F.R. § 930.11(b).

42.  Federal agencies are required to consider the enforceable policies of a management program "as requirements to be adhered to in addition to existing Federal agency statutory mandates." 15 C.F.R. § 930.32(2).

43.  Oregon's Statewide Planning Goal 19, "Ocean Resources" is an enforceable policy of the Oregon Coastal Management Program. Goal 19 provides in part that "State and

Department of Justice
100 SW Market Street
Portland, OR 97201
(9716731880 / Fax: (9716735000

federal agencies shall carry out actions that are reasonably likely to affect ocean resources and uses of the Oregon territorial sea in such a manner as to…protect and encourage the beneficial uses of ocean resources – such as navigation, food production, [and] recreation." Goal 19, Implementation Requirement 1.

44. Coastal states are required to establish public notice procedures to relay the federal agency's determination that its planned action is consistent with the state's enforceable policies. 15 C.F.R. § 930.42.

45. The affected State may concur or object to the federal agency's consistency determination. 15 C.F.R. § 930.35(c).

**B.     Defendants' reassignment of the rescue helicopter has harmed the State.**

46. The Oregon Department of Fish and Wildlife (ODFW) Marine Resources Program is located at the Oregon State University (OSU) Hatfield Marine Science Center in Newport.

47. ODFW staff from the Marine Resources Program routinely conduct field research at sea, in the estuary and along Newport's open rocky coast. This field research is essential to advancing the work and mission of ODFW's Marine Resources Program to sustain ocean and estuary resources, build understanding about fish and wildlife and their habitats, and benefit Oregon's species, ecosystems, and people.

48. In the course of their field research, ODFW researchers are frequently aboard small vessels in the estuary and large vessels—commercial fishing boats or vessels chartered by ODFW—in the ocean. ODFW research teams are aboard vessels for single-day trips or prolonged trips up to seven days, commonly with 200 cumulative annual trips on ocean or estuary waters.

49. ODFW employees also conduct research along Newport's rocky coastline and cliffs and ride along on recreational vessels at sea.

Page 10 -   SECOND AMENDED COMPLAINT
         BM2/jt3

Department of Justice
100 SW Market Street
Portland, OR 97201
(9716731880 / Fax: (9716735000

50. The primary responsibility of the Oregon State Police's (OSP) Fish and Wildlife Division is to protect natural resources by enforcing fish, wildlife and commercial fishing laws. The Fish and Wildlife Division has a Marine Fisheries Team, comprised of seven trooper positions and one sergeant stationed along the coast of Oregon.

51. OSP's largest vessel, the Guardian, is harbored in Newport. It is the OSP's only long-range ocean-going patrol vessel properly equipped to pull and inspect commercial fishing gear. The Guardian is used to ensure compliance with and enforce commercial and sport fishing regulations in the Pacific Ocean and coastal inland waters. The Marine Fisheries team and other troopers also use smaller vessels to patrol and to contact other watercraft in the Pacific Ocean.

52. The rescue helicopter at AIRFAC Newport is an integral part of the State's safety planning and protocols for its employees. ODFW and OSP rely on the helicopter to be available for their employees that work at sea, in the estuary, and along the coast.

53. Every minute matters when there is an emergency in the ocean or along the coast. The State is harmed by the delayed response time caused by reassigning the forward deployed rescue helicopter away from AIRFAC Newport.

54. The helicopter in Newport also advances ODFW's research. ODFW partners with researchers at Oregon State University (OSU) to conduct research on whale population distribution and its overlap with fisheries that can lead to whale entanglement. ODFW and OSU researchers fly on the Newport helicopter to collect data for this research. The reassignment of the helicopter away from AIRFAC Newport makes this research more difficult to conduct.

55. The State is also harmed by DHS's procedural irregularity in the reassignment. If the State had an opportunity to provide public comment on a proposed reassignment of the helicopter under 14 U.S.C. § 912, it would have done so.

Page 11 -  SECOND AMENDED COMPLAINT
BM2/jt3

Department of Justice
100 SW Market Street
Portland, OR 97201
(9716731880 / Fax: (9716735000

## CAUSES OF ACTION

### COUNT 1
**Violation of the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A), (C)–(D) — Action that is Contrary to Law (14 U.S.C. § 912)**

56.     The State realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

57.     Under the Administrative Procedure Act (APA), a Court must "hold unlawful and set aside agency action" that is "not in accordance with the law," "or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," or "without observance of procedure required by law…." 5 U.S.C. § 706(2)(A), (C)–(D).

58.     Defendants' decision to reassign the forward deployed helicopter from AIRFAC Newport constitutes final agency action because it represents the "consummation" of the agency's decision-making process and represents action "from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 178 (1997) (citation and quotation marks omitted).

59.     For the reasons discussed above, Defendants' action is not in accordance with the law and is without observance of the procedures required by law. Defendants' reassignment of the rescue helicopter from AIRFAC Newport represents closure, cessation of operations, or significant reduction in the personnel and use of AIRFAC Newport without satisfying the requirements of 14 U.S.C. § 912.

### COUNT 2
**Violation of the Administrative Procedure Act (APA) — Action that is Arbitrary and Capricious, 5 U.S.C. § 706(2)(A)**

60.     The State realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

61.     In addition to being contrary to law, Defendants' closure, cessation of operations, or significant reduction in the personnel and use of AIRFAC Newport is arbitrary and capricious because Defendants have not offered "a satisfactory explanation for [their] action, including a

Page 12 -   SECOND AMENDED COMPLAINT
    BM2/jt3

Department of Justice
100 SW Market Street
Portland, OR 97201
(9716731880 / Fax: (9716735000

rational connection between the facts found and the choice made." *Ohio v. E.P.A.*, 603 U.S. 279, 292 (2024) (internal quotation marks and brackets omitted).

## COUNT 3
### *Ultra Vires* Action — Violation of 14 U.S.C. § 912

62. The State realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

63. 14 U.S.C. § 912 prohibits Defendants from closing, ceasing operations, or significantly reducing personnel and use of AIRFAC Newport without satisfying the procedural steps discussed above.

64. By failing to satisfy those procedural requirements before reassigning the forward deployed AIRFAC Newport rescue helicopter, Defendants have closed, ceased operations, or significantly reduced the personnel and use of AIRFAC Newport, and are therefore acting *ultra vires*.

65. For those reasons, the State is entitled to a declaration that reassignment of the forward deployed rescue helicopter is invalid and an injunction requiring Defendants to return the rescue helicopter to AIRFAC Newport. Absent such relief, the State will continue to be harmed by Defendants' unlawful actions.

## COUNT 4
### Violation of the Administrative Procedure Act (APA) — Action that is Contrary to Law: CZMA Review (16 U.S.C. § 1456(c))

66. The State realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

67. Defendants have failed to provide a consistency determination that reassignment of the AIRFAC Newport rescue helicopter is consistent to the maximum extent practicable with federally approved enforceable policies of Oregon's coastal management program.

Page 13 -   SECOND AMENDED COMPLAINT
         BM2/jt3
                             Department of Justice
                              100 SW Market Street
                              Portland, OR 97201
                         (9716731880 / Fax: (9716735000

68. And, in any case, Defendants' relocation of the rescue helicopter is not consistent to the maximum extent practicable with the federally approved enforceable policies of the State's coastal management program. 16 U.S.C. § 1456(c).

69. Accordingly, Defendants' actions are contrary to law, in violation of the APA.

**COUNT 5**
***Ultra Vires* Action —
Violation of the CZMA**

70. The State realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

71. The CZMA requires Defendants to provide a consistency determination before taking federal agency action that affects any use or resource of the State's coastal zone.

72. By failing to provide a consistency determination before ceasing forward deployment of the rescue helicopter, Defendants have violated the CZMA.

73. For that reason, the State is entitled to a declaration that cessation of the forward deployment of the rescue helicopter is invalid and injunctive relief requiring Defendants to return the rescue helicopter. Absent such relief, the State will continue to be harmed by Defendants' unlawful actions.

**PRAYER FOR RELIEF**

WHEREFORE, the State prays that the Court:

a. Declare that any order closing the Newport Coast Guard air facility, ceasing its operations, or significantly reducing its personnel and use is *ultra vires*.

b. Declare that any order closing the Newport Coast Guard air facility, ceasing its operations, or significantly reducing its personnel and use is contrary to law.

c. Declare that any order closing the Newport Coast Guard air facility, ceasing its operations, or significantly reducing its personnel and use is arbitrary and capricious.

d. Declare that Defendants' failure to provide a consistency determination before suspending forward deployment of the rescue helicopter to AIRFAC Newport is contrary to law.

Page 14 -   SECOND AMENDED COMPLAINT
        BM2/jt3

Department of Justice
100 SW Market Street
Portland, OR 97201
(9716731880 / Fax: (9716735000

  e. Hold unlawful and enjoin Defendants' reassignment of the forward deployed rescue helicopter from AIRFAC Newport.

  f. To temporarily restrain, preliminarily enjoin, and stay Defendants' reassignment of the rescue helicopter from AIRFAC Newport, thereby requiring its return to AIRFAC Newport under the same operational status as prior to the reassignment, for the pendency of this litigation.

  g. To set aside and vacate Defendants' order suspending forward deployment of a rescue helicopter to AIRFAC Newport.

  DATED February 5, 2026.

        Respectfully submitted,

        DAN RAYFIELD
        Attorney General


        *s/ Brian Simmonds Marshall*
        BRIAN SIMMONDS MARSHALL #196129
        NINA ENGLANDER #106119
        Senior Assistants Attorney General
        DEREK OLSON #225504
        Assistant Attorney General
        Trial Attorneys
        Tel (971) 673-1880
        Fax (971) 673-5000
        Brian.S.Marshall@doj.oregon.gov
        Nina.Englander@doj.oregon.gov
        Derek.Olson@doj.oregon.gov
        Of Attorneys for the State of Oregon

Page 15 -   SECOND AMENDED COMPLAINT
  BM2/jt3

Department of Justice
100 SW Market Street
Portland, OR 97201
(9716731880 / Fax: (9716735000